IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN D. SCHWARTZ )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ELGIN POLICE OFFICER )<br>CHRISTOPHER DARR, ELGIN POLICE )<br>OFFICER EDWARD SCHMIDT, )<br>UNKNOWN ELGIN POLICE OFFICERS, )<br>and the CITY OF ELGIN, )<br>    Defendants. )<br>) | FILED: MAY 13, 2008<br>08 cv 2773    JH<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE DENLOW |

## COMPLAINT

**NOW COMES** the Plaintiff, KEVIN D. SCHWARTZ (hereinafter "Schwartz"), by and through his attorneys, ERICKSON & OPPENHEIMER, PC, complaining of the Defendants, ELGIN POLICE OFFICER CHRISTOPHER DARR (hereinafter "Officer Darr"), ELGIN POLICE OFFICER EDWARD SCHMIDT (hereinafter "Officer Schmidt"), UNKNOWN ELGIN POLICE OFFICERS (hereinafter Unknown Officers), and the CITY OF ELGIN, and states as follows:

### Introduction

1. This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under the color of law of Schwartz's rights as secured by the Constitution of the United States of America.

2. Specifically, as a result of police misconduct and abuse more fully described below, Schwartz alleges that Defendants, in sum, intentionally inflicted emotional distress, assaulted, battered, unlawfully seized, maliciously prosecuted, falsely arrested and imprisoned him while acting under the color of law. Plaintiff has been harmed by the unconstitutional conduct of the Defendants.

## Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

4. Venue is proper under U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

## Parties

5. Plaintiff Schwartz resides at 381 S. Collins, Apartment A, South Elgin, Illinois 60177.

6. Defendant(s) Officer Darr, Officer Schmidt and Unknown Elgin Police Officers are all employees of the Elgin Police Department and acted under their authority as duly appointed police officers in the Elgin Police Department at all relevant times.

7. Defendant City of Elgin is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for the injury occasioned thereby, it was the employer of Defendant(s) Officer Darr, Officer Schmidt and Unknown Elgin Police Officers.

## Background Facts

8. On the evening of New Year's Eve 2008, Schwartz attended a hotel party at the Holiday Inn on Illinois Highway 31 located in South Elgin.

9. While at the hotel, Schwartz and three friends, including J.B. Hall, visited several of the rooms where New Year's Eve celebrations were taking place.

10. Inside one of the rooms Schwartz and his friends were visiting, a fight broke out. Schwartz and his friends, not parties to the fight in the room, exited the room and left the hotel.

11. Schwartz and his friends got into J.B. Hill's car and left the hotel parking lot.

12. In the meantime, Defendant Darr's father, Jack Darr, a hotel security officer and a retired Elgin deputy police chief, attempted to stop the fight at the hotel.

13. Officer Darr's father, Jack Darr, was injured during the brawl.

14. Moments later, at least two marked Elgin Police cars stopped and detained J.D. Hill's car Illinois Highway 31.

15. J.D. Hill was ordered from his car a placed in the back seat of one of the Elgin squad cars.

16. Schwartz was then ordered out of Mr. Hill's car, handcuffed and placed in the back seat of another Elgin squad car.

17. Approximately 15-20 minutes later, Defendant Officer Darr was driven to the scene of the detention by an unknown Elgin Police Officer in an Elgin Police car.

18. The uniformed Elgin Police Officers who had detained and arrested Schwartz allowed Officer Darr to approach and enter the rear seat of the marked Elgin Police squad car which held Schwartz.

19. While Schwartz was confined in the rear seat with his hands handcuffed behind his back, Defendant Officer Darr entered the squad and began to repeatedly punch Schwartz about the face, head and body.

20. As he threw his first of many punches, Defendant Officer Darr stated, "If you'r gonna hit the Elgin Police, this is what is going to happen to you."

21. During this beating, the Unknown Elgin Police Officers and Officer Schmidt made no attempt to intervene or stop the beating of Mr. Schwartz.

22. As a result of the beating by Officer Darr, Schwartz suffered severe cuts, bruises and lacerations to his face and head and injury to his ribs and chest wall.

23. An ambulance was called to the scene wherein Schwartz was transported to the Emergency Room at Sherman Hospital for treatment of the wounds to his face, head, limbs, chest and ribs.

24. After receiving medical treatment, the Unknown Elgin Police Officers and Officer Schmidt charged Schwartz with one felony count of Mob Action, 720 5/25-1(a)(1), under case no. 08-CF- 000018 and a bond was set in the amount of $5,000.

25. On January 31, 2008, the charge was Nolle Prosequi'd in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois.

26. On April 8, 2008, Defendant Officer Darr was indicted by a Kane County grand jury on two felony counts of battery and was placed on administrative leave in connection with the above mentioned incident.

## COUNT I

### (LIABILITY UNDER 42 U.S.C § 1983)
### (VIOLATION OF FOURTH AMENDMENT)

27. Schwartz realleges and reincorporates paragraphs 1 through 24.

28. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

29. The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of people to be secure in their persons against unreasonable searches and seizures shall not be violated.

30. Defendants seized Schwartz by terminating his freedom of movement through means including, *inter alia*, giving him directive orders, detaining him, ordering him into a squad car, and holding him where they could inflict injuries upon his person. These means were intentionally applied by Defendants while acting under color of state law.

31. As a result of Defendant Officers' actions, Schwartz was not permitted or able to leave.

32. Defendants used objectively unreasonable force in seizing Schwartz.

33. Defendants actions took place prior to a judicial determination of probable cause.

34. As a result of Defendants' unreasonable seizure, Schwartz sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, wounds, rib injuries, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of Defendants' unreasonable seizure, Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

35. By subjecting Schwartz to an unreasonable seizure, Defendants' deprived Schwartz of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT II

### LIABILITY UNDER 42 U.S.C. § 1983
### (EXCESSIVE FORCE)

36. Schwartz realleges and reincorporates all previous paragraphs.

37. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

38. The Fourteenth Amendment to the United States Constitution, enforceable to 42 U.S.C. § 1983, a provided that no state shall deprive any person of life, liberty, or property, without due process of law.

39. Officer Darr, Officer Schmidt and Unknown Officers inflicted physical violence upon Schwartz that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

40. When they inflicted physical violence upon Schwartz, Officer Darr, Officer Schmidt and the other Elgin Police Officers were acting "under color of state law."

41. The actions of the Officer Darr, Officer Schmidt and Unknown Officers were willful, intentional and malicious and/or done with a reckless indifference to, and callous

disregard for, Schwartz's rights, amounting to an abuse of power that shocks the conscience.

42. As a result of the excessive force inflicted by Officer Darr, Officer Schmidt and Unknown Officers, Schwartz sustained severe bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as severe injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Officer Darr, Officer Schmidt and Unknown Officers, Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

43. By inflicting excessive force upon Schwartz, Officer Darr, Officer Schmidt and Unknown Officers deprived Schwartz of liberty without due process of law in violation of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in an amount not less than $5,000,000.00, as well as attorneys fees and costs.

## COUNT III

### 42 U.S.C. § 1983
### (FAILURE TO PROTECT OR INTERVENE)

44. Schwartz realleges and reincorporates all previous paragraphs.

45. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

46. Each Unknown Elgin Police Officer and Officer Schmidt witnessed excessive and/or unreasonable force being used against Schwartz by Defendant Officer Darr. Each

Unknown Elgin Police Officer, Officer Schmidt and Officer Darr witnessed the violation of Schwartz's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment – being perpetrated by all other Defendants.

47. Each Unknown Elgin Police Officer and Officer Schmidt had reason to know that excessive and/or unreasonable force was being used.

48. Each Unknown Elgin Police Officer and Officer Darr had reason to know that Schwartz's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment – were being violated.

49. Each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr had reason to know that Schwartz had been unjustifiably seized, arrested, and made available for a law enforcement officer to inflict injuries upon his person, and/or be unjustifiably punished.

50. Constitutional violations were committed in the presence of each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr, and each Defendant had a realistic opportunity to intervene to prevent the harm from occurring.

51. Each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr failed to protect Schwartz and failed to intervene to prevent the infringement of Schwartz's constitutional rights.

52. The actions of the Unknown Elgin Police Officers, Officer Schmidt and Officer Darr were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Schwartz's safety and rights, amounting to an abuse of power that shocks the conscience.

53. As a result of each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr's failure to protect Schwartz or intervene, Schwartz sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of each Defendant's failure to protect or intervene, Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

54. By failing to protect Schwartz or to intervene, each Unknown Officer and Officer Darr and Officer Schmidt deprived Schwartz of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in an amount not less than $5,000,000.00, as well as attorney's fees and costs.

## COUNT IV

## LIABILITY UNDER 42 U.S.C. § 1983
## (DENIAL OF DUE PROCESS—NEWSOME CLAIM)

55. Schwartz realleges and reincorporates all previous paragraphs.

56. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

57. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

58. The individual Defendants' conduct violated plaintiff's right to due process.

9

59. Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers conspired amongst themselves to write false police reports and false complaints and to misinform prosecutors of the basis for charges against Schwartz. In so doing, Defendants withheld exculpatory evidence and instituted criminal proceedings against Schwartz without a lawful basis, in violation of Schwartz's due process rights.

60. As a result of the ongoing false statements and false testimony, Schwartz was deprived of his liberty, forced to miss work to attend court dates, and forced to expend money on legal services.

61. As a result of Defendants' violation of Schwartz's constitutional right to due process, Schwartz suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in an amount not less than $5,000,000.00, as well as attorney's fees and costs.

## COUNT V

### LIABILITY UNDER 42 U.S.C. § 1983
### (CONSPIRACY TO INTERFERE WITH PLAINTIFF'S RIGHTS)

62. Schwartz realleges and reincorporates all previous paragraphs.

63. Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers conspired and falsely arrested and detained Schwartz without justification and without probable cause.

64. As a result of the concerted unlawful and malicious conspiracy of Officer Darr, Officer Schmidt and Unknown Officers, Schwartz was deprived of both his liberty

without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

65. As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT VI

### (STATE BATTERY CLAIM)

66. Schwartz realleges and reincorporates all previous paragraphs.

67. Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers did not have a reasonable basis for using any force, or, the amount of force used.

68. Without the consent of Schwartz, Officer Darr, Officer Schmidt and Unknown Elgin Police Officers intentionally, harmfully, and offensively touched Plaintiff by beating him with fists about his body, head, face and eye.

69. Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT VII

### (STATE ASSAULT CLAIM)

70. Schwartz realleges and reincorporates all previous paragraphs.

71. Acting under color of law, Officer Darr, Officer Schmidt and Unknown Officers denied Schwartz's constitutional rights by assaulting him.

72. Schwartz had reason to apprehend receiving a battery as a direct result of the conduct alleged above of Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers.

73. Officer Darr, Officer Schmidt and Unknown Officers' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Schwartz' rights.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT VIII

### (STATE MALICIOUS PROSECUTION CLAIM)

74. Schwartz incorporates and realleges all previous paragraphs.

75. The individual Unknown Officers, Officer Schmidt and Officer Darr maliciously caused criminal charges to be filed and prosecuted against Schwartz. There was no probable cause for the institution of a criminal charge against Schwartz. The criminal proceedings were commenced and continued maliciously.

76. The individual Unknown Officers, Officer Schmidt and Officer Darr facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

77. Schwartz was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

78. The Criminal Proceedings were terminated in Schwartz's favor on January 31, 2008.

79. As a result of Defendants' malicious prosecution of criminal proceedings against Schwartz, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT IX

### (STATE FALSE IMPRISONMENT)

80. Schwartz incorporates and realleges all previous paragraphs.

81. As described more fully above, Officer Darr, Officer Schmidt and Unknown Officers, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Schwartz to be falsely imprisoned in violation of his constitutional rights.

13

82. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally by Officer Darr, Officer Schmidt and Unknown Officers with willful indifference to Schwartz's constitutional rights.

83. As a result of Defendants' false imprisonment of Plaintiff, Schwartz suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT X

### (STATE RESPONDEAT SUPERIOR)

84. Schwartz realleges and incorporates all of the allegations in the preceding paragraphs.

85. In committing the acts alleged in Count I -VII, Officer Darr, Officer Schmidt and Unknown Officers were members and agents of the Elgin Police Department, acting at all relevant times within the scope of their employment.

86. Defendant City of Elgin is the employer of Officer Darr, Officer Schmidt and Unknown Officers .

87. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

88. As a proximate cause of Officer Darr, Officer Schmidt and Unknown Officers unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

## COUNT XI

### (STATE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

89. Plaintiffs reallege and incorporate by reference all of the allegations in the preceding paragraphs.

90. The acts and conduct of Unknown Officers, Officer Schmidt and Officer Darr as set forth above were extreme and outrageous.

91. Particularly, the conduct of Unknown Officers and Officer Schmidt subjecting Schwartz to being beat by Officer Darr in the back of a Elgin Police squad car in an extreme manner was reasonably calculated to cause immense emotional distress to Plaintiff.

92. Unknown Officers, Officer Schmidt and Officer Darr intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Schwartz.

93. Unknown Officers, Officer Schmidt and Officer Darr's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Schwartz.

94. Said actions and conduct did directly and proximately cause Schwartz to suffer various severe emotional and physical problems.

95. Said actions and conduct caused Schwartz extensive grief and suffering, in that, due to the charges against him, caused him to be depressed.

WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in the amount not less than $5,000,000.00 as well as attorneys fees and costs.

**FOR THE REASONS STATED,** Plaintiff Schwartz respectfully requests this court to enter in his favor a judgment not less than $5,000,000.00, as well as legal costs and attorney's fees, due to the reckless indifference of Mr. Schwartz's Constitutional Rights and due to the extreme malicious actions taken by Defendants.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

/s/ Jon Erickson, /s/ Michael Oppenheimer, /s/ Franco La Marca
Attorneys for Plaintiff

Erickson & Oppenheimer, PC
4554 N. Broadway | Suite 325
Chicago, IL 60640
1.773.907.0940