12143

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN SCHWARTZ,

               Plaintiff,

v.

ELGIN POLICE OFFICER, CHRISTOPHER DARR,
ELGIN POLICE OFFICER EDWARD SCHMIDT,
UNKNOWN ELGIN POLICE OFFICERS, and the
CITY OF ELGIN,

               Defendants.

No. 08 CV 2773

Hon. Ruben Castillo

Mag. Judge Morton Denlow

## DEFENDANTS  ELGIN POLICE OFFICER EDWARD SCHMIDT and CITY OF ELGIN ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME, Defendants, ELGIN POLICE OFFICER EDWARD SCHMIDT and CITY OF ELGIN, by and through their attorneys, DeANO & SCARRY, LLC, and for their answer to Plaintiff's Complaint, state as follows:

### Introduction

1.      This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under the color of law of Schwartz's rights as secured by the Constitution of the United States of America.

ANSWER:    Defendants admit the allegations of paragraph one of Plaintiff's complaint, but deny that Plaintiff is entitled to any relief from these Defendants.

2.      Specifically, as a result of police misconduct and abuse more fully described below, Schwartz alleges that Defendants, in sum, intentionally inflicted emotional distress, assaulted,

1

battered, unlawfully seized, maliciously prosecuted, falsely arrested and imprisoned him while acting under the color of law.  Plaintiff has been harmed by the unconstitutional conduct of the Defendants.

ANSWER:  Defendants admit that Plaintiff makes the allegations of paragraph two, but deny that these defendants engaged in any such acts or committed any such wrongdoing.

### Jurisdiction and Venue

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

ANSWER:    Defendants admit the allegations of paragraph three of Plaintiff's complaint.

4.      Venue is proper under U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

ANSWER:    Defendants admit the allegations of paragraph four of Plaintiff's complaint.


### Parties

5.      Plaintiff Schwartz resides at 381 S. Collins, Apartment A, South Elgin, Illinois 60177.

ANSWER:    Defendants admit the allegations of paragraph five of Plaintiff's complaint.

6.      Defendant(s) Officer Darr, Officer Schmidt and Unknown Elgin Police Officers are all employees of the Elgin Police Department and acted under their authority as duly appointed police officers in the Elgin Police Department at all relevant times.

ANSWER:    Defendants deny that Defendant Schmidt is an employee of the Elgin Police Department and state that he is an employee of the City of Elgin acting under his authority as a

2

duly appointed police officer when on duty and acting within the scope of such employment. Defendants deny Officer Darr is an employee of the Elgin Police Department and deny that he is an employee of the City of Elgin. Defendants further deny that Officer Darr was acting under any authority as duly appointed police officer in the Elgin Police Department at all times relevant to Plaintiff's complaint.

7.    Defendant City of Elgin is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for the injury occasioned thereby, it was the employer of Defendant(s) Officer Dan, Officer Schmidt and Unknown Elgin Police Officers. ANSWER: Defendants admit that the City of Elgin is a municipal corporation organized under the laws of the State of Illinois. Defendants deny the legal conclusion that the City of Elgin is at all times under all circumstances responsible for policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for the injury occasioned thereby and specifically deny any such responsibility for injuries claimed by Plaintiff. Defendants admit that the City of Elgin was the employer of Defendants Darr and Schmidt, but deny that Defendant Darr was acting within the scope of such employment at any time relevant to Plaintiff's claim.

## Background Facts

8.    On the evening of New Year's Eve 2008, Schwartz attended a hotel party at the Holiday Inn on Illinois Highway 31 located in South Elgin. ANSWER:    Defendant Schmidt was not present at the hotel, however, pleading on information obtained subsequent to the event, Defendants admit the allegations of paragraph 8 of Plaintiff's complaint.

9.      While at the hotel. Schwartz and three friends, including J.B. Hall, visited several of the rooms where New Year's Eve celebrations were taking place.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's complaint.

10.      Inside one of the rooms Schwartz and his friends were visiting, a fight broke out. Schwartz and his friends, not parties to the fight in the room, exited the room and left the hotel.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's complaint.

11.      Schwartz and his friends got into J.B. Hill's car and left the hotel parking lot.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's complaint.

12.      In the meantime, Defendant Dan's father, Jack Darr, a hotel security officer and a retired Elgin deputy police chief, attempted to stop the fight at the hotel.

ANSWER:    Defendant Schmidt was not present at the hotel, however, pleading on information obtained subsequent to the event, Defendants admit the allegations of paragraph 12 of Plaintiff's complaint.

13.      Officer Darr's father, Jack Darr, was injured during the brawl.

ANSWER:    Defendant Schmidt was not present at the hotel, however, pleading on information obtained subsequent to the event, Defendants admit the allegations of paragraph 13 of Plaintiff's complaint.

14.      Moments later, at least two marked Elgin Police cars stopped and detained J.D. Hill's car Illinois Highway 31.

ANSWER:     Defendant Schmidt was not present at the traffic stop, however, pleading on

4

information obtained subsequent to the event Defendants' admit that an Elgin Police car stopped

and detained a vehicle occupied by J.D. Hill on or near Route 31, but are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

paragraph 14 of Plaintiff's complaint.

15.     J.D. Hill was ordered from his car a placed in the back seat of one of the Elgin

squad cars.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 15 of Plaintiff's complaint

16.     Schwartz was then ordered out of Mr. Hill's car, handcuffed and placed in the back

seat of another Elgin squad car.

ANSWER:     Defendant Schmidt was not present at the traffic stop, however, pleading on

information obtained subsequent to the event Defendants admit that Schwartz was handcuffed and

placed in the rear seat compartment of an Elgin Squad car.

17.     Approximately 15-20 minutes later, Defendant Officer Darr was driven to the scene

of the detention by an unknown Elgin Police Officer in an Elgin Police car.

ANSWER:     Defendant Schmidt was not present at the traffic stop, nor did he drive Darr to the

scene of the traffic stop, however, pleading on information obtained subsequent to the event

Defendants admit that Darr was driven to the scene by an Elgin Police Officer.

18.     The uniformed Elgin Police Officers who had detained and arrested Schwartz

allowed Officer Darr to approach and enter the rear seat of the marked Elgin Police squad car which

held Schwartz.

ANSWER:     Defendant Schmidt was not present at the traffic stop,  however,  pleading on

information obtained subsequent to the event Defendants deny the allegations of paragraph 18 of

Plaintiff's complaint.

19.     While Schwartz was confined in the rear seat with his hands handcuffed behind his back, Defendant Officer Darr entered the squad and began to repeatedly punch Schwartz about the face, head and body.

ANSWER:     Defendant Schmidt was not present at the traffic stop, pleading on information obtained subsequent to the event these defendants state that Darr, while off duty and serving no purpose of the Elgin Police Department, entered the squad car occupied by Scwartz and struck Schwartz.

20.     As he threw his first of many punches, Defendant Officer Dan stated, "If you're gonna hit the Elgin Police, this is what is going to happen to you."

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's complaint.

21.     During this beating, the Unknown Elgin Police Officers and Officer Schmidt made no attempt to intervene or stop the beating of Mr. Schwartz.

ANSWER:     Defendant Schmidt was not present at the when the event allegedly occurred, however, pleading on information obtained subsequent to the event, Defendants deny the allegations of paragraph 21 of Plaintiff's complaint.

22.     As a result of the beating by Officer Darr, Schwartz suffered severe cuts, bruises and lacerations to his face and head and injury to his ribs and chest wall.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's complaint.

23.     An ambulance was called to the scene wherein Schwartz was transported to the Emergency Room at Sherman Hospital for treatment of the wounds to his face, head, limbs, chest and ribs.

ANSWER:     Defendants admit the allegations of paragraph 23 of Plaintiff's complaint.

24.     After receiving medical treatment, the Unknown Elgin Police Officers and Officer Schmidt charged Schwartz with one felony count of Mob Action, 720 5I25-1(a)(1), under case no. 08-CF- 000018 and a bond was set in the amount of $5,000.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's complaint.

25.     On January 31, 2008, the charge was Nolle Prosequi'd in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's complaint.

26.     On April 8, 2008, Defendant Officer Darr was indicted by a Kane County grand jury on two felony counts of battery and was placed on administrative leave in connection with the above mentioned incident.

ANSWER:     Defendants admit the allegations of paragraph 26 of Plaintiff's complaint.

<u>**COUNT I**</u>

**(LIABILITY UNDER 42 U.S.C § 1983)**

**(VIOLATION OF FOURTH AMENDMENT)**

27.     Schwartz realleges and reincorporates paragraphs 1 through 24.

ANSWER:     Defendants restate their answers to paragraphs 1 through 24 as and for their answers to paragraph 27 of this Count I as though fully set forth herein.

28.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the existence of 42 U.S.C. 1983, but deny that paragraph 28 of this Count I accurately and completely states the law as set forth in said statute.

29.    The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of people to be secure in their persons against unreasonable searches and seizures shall not be violated.

ANSWER:    Defendants admit the existence of the Fourth Amendment to the United States Constitution, but deny that paragraph 29 of this Count I accurately and completely states the law as set forth in said amendment.

30.    Defendants seized Schwartz by terminating his freedom of movement through means including, *inter alia,* giving him directive orders, detaining him, ordering him into a squad car, and holding him where they could inflict injuries upon his person. These means were intentionally applied by Defendants while acting under color of state law.

ANSWER:    These defendants deny the allegations of paragraph 30 of Plaintiff's complaint.

31.    As a result of Defendant Officers' actions, Schwartz was not permitted or able to leave.

ANSWER:    These defendants deny the allegations of paragraph 31 of Plaintiff's complaint.

32.    Defendants used objectively unreasonable force in seizing Schwartz.

ANSWER:    These defendants deny the allegations of paragraph 32 of Plaintiff's complaint.

33.    Defendants actions took place prior to a judicial determination of probable cause.

ANSWER:    These defendants deny that they took any action to deprive or infringe  Schwartz of any of his rights at any time.

34.    As a result of Defendants' unreasonable seizure, Schwartz sustained bodily injuries in the form of, *inter alia,* multiple bruises, lacerations, abrasions, wounds, rib injuries, as well as injuries in the form of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of Defendants' unreasonable seizure, Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

ANSWER:    These defendants deny the allegations of paragraph 34 of Plaintiff's complaint.

35.    By subjecting Schwartz to an unreasonable seizure, Defendants' deprived Schwartz of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U_S.C. § 1983.

ANSWER:    These defendants deny the allegations of paragraph 35 of Plaintiff's complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## COUNT II

## LIABILITY UNDER 42 U.S.C. § 1983

## (EXCESSIVE FORCE)

36.    Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:    Defendants restate their answers to paragraphs 1 through 35 as and for their answers to paragraph 36 of this Count II of Plaintiff's complaint.

37.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the existence of 42 U.S.C. 1983, but deny that paragraph 37 of this Count II accurately and completely states the law as set forth in said statute.

38.     The Fourteenth Amendment to the United States Constitution, enforceable to 42

U.S.C. § 1983, a provided that no state shall deprive any person of life, liberty, or property, without

due process of law.

ANSWER:     Defendants admit the existence of the Fourth Amendment to the United States

Constitution, but deny that paragraph 38 of this Count II accurately and completely states the law as

set forth in said amendment.

39.     Officer Darr, Officer Schmidt and Unknown Officers inflicted physical violence

upon Schwartz that was excessive, unnecessary, and grossly disproportionate to the need for action

under the circumstances.

ANSWER:     These Defendants deny that they inflicted any violence upon Schwartz.

40.     When they inflicted physical violence upon Schwartz, Officer Dan, Officer Schmidt

and the other Elgin Police Officers were acting "under color of state law."

ANSWER:      These defendants deny that they inflicted any violence upon Schwartz, and

pleading further deny that Defendant Darr was acting "under color of law" at anytime relevant to

the matters raised in Plaintiff's complaint.

41.     The actions of the Officer Darr, Officer Schmidt and Unknown Officers were

willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard

for, Schwartz's rights, amounting to an abuse of power that shocks the conscience.

ANSWER:     These defendants deny the allegations of paragraph 41 of this Count II and pleading

further deny that defendant Darr was acting within the scope of employment or with the authority

of the Elgin Police Department.

42.     As a result of the excessive force inflicted by Officer Darr, Officer Schmidt and

Unknown Officers, Schwartz sustained severe bodily injuries in the form of, *inter alia,* multiple

bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as severe injuries in the form of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Officer Darr, Officer Schmidt and Unknown *Officers,* Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

ANSWER:    These Defendants deny that Plaintiff suffered any injury or damage as a result of the actions of these defendants.

43.    By inflicting excessive force upon Schwartz, Officer Darr, Officer Schmidt and Unknown Officers deprived Schwartz of liberty without due process of law in violation of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U.S.C. § 1983.

ANSWER:    Defendants deny the allegations of paragraph 43 of this Count II.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.


## COUNT III

### 42 U.S.C. § 1983

### (FAILURE TO PROTECT OR INTERVENE)

44.    Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:    Defendants restate their answers to paragraphs 1 through 43 of as and for their answers to paragraph 44 of this Count III as though fully set forth herein.

11

45.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the existence of 42 U.S.C. § 1983, but deny that paragraph 45 of this Count III accurately and completely states the law as set forth in said statute.

46.    Each Unknown Elgin Police Officer and Officer Schmidt witnessed excessive and/or unreasonable force being used against Schwartz by Defendant Officer Darr. Each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr witnessed the violation of Schwartz's constitutional rights - including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment - being perpetrated by all other Defendants.

ANSWER:    These defendants deny that Defendant Schmidt witnessed any use of force by Defendant Darr against Schwartz and deny the allegations of paragraph 46 of this Count III.

47.    Each Unknown Elgin Police Officer and Officer Schmidt had reason to know that excessive and/or unreasonable force was being used.

ANSWER:    These defendants deny that Defendants Schmidt witnessed or had any reason to know of any use of force by Defendant Darr against Schwartz and deny the allegations of paragraph 47 of this Count III.

48.    Each Unknown Elgin Police Officer and Officer Darr had reason to know that Schwartz's constitutional rights - including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment -- were being violated.

ANSWER:    These defendants deny the allegations of paragraph 48 of this Count III.

49.     Each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr had reason to know that Schwartz had been unjustifiably seized, arrested, and made available for a law enforcement officer to inflict injuries upon his person, and/or be unjustifiably punished.

ANSWER:     These defendants deny the allegations of paragraph 49 of this Count III

50.     Constitutional violations were committed in the presence of each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr, and each Defendant had a realistic opportunity to intervene to prevent the harm from occurring.

ANSWER:     These defendants deny the allegations of paragraph 50 of this Count III

51.     Each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr failed to protect Schwartz and failed to intervene to prevent the infringement of Schwartz's constitutional rights.

ANSWER:     These defendants deny the allegations of paragraph 51 of this Count III

52.     The actions of the Unknown Elgin Police Officers, Officer Schmidt and Officer Darr were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Schwartz's safety and rights, amounting to an abuse of power that shocks the conscience.

ANSWER:     These defendants deny the allegations of paragraph 52 of this Count III

53.     As a result of each Unknown Elgin Police Officer, Officer Schmidt and Officer Darr's failure to protect Schwartz or intervene, Schwartz sustained bodily injuries in the form of, *inter* alia, multiple bruises, lacerations, abrasions, as injuries in the farm of, *inter alia,* mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of each Defendant's failure to protect or intervene, Schwartz also lost wages and incurred medical expenses, costs and attorneys' fees.

ANSWER:    These Defendants deny that Plaintiff suffered any injury or damage as a result of the actions of these defendants.

54.    By failing to protect Schwartz or to intervene, each Unknown Officer and Officer Darr and Officer Schmidt deprived Schwartz of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Schwartz under 42 U.S.C. § 1983.

ANSWER:    These defendants deny the allegations of paragraph 54 of this Count III.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## COUNT IV

### LIABILITY UNDER 42 U.S.C. § 1983

### (DENIAL OF DUE PROCESS-NEWSOME CLAIM)

55.    Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:    These Defendants restate their answers to paragraphs 1 through 54 as and for their answers to paragraph 55 of this Count IV as though fully set forth herein.

56.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

ANSWER:    Defendants admit the existence of  42 U.S.C. § 1983, but deny that paragraph 56 of this Count IV accurately and completely states the law as set forth in said statute.

57.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

ANSWER:    Defendants admit the existence of the Fourteenth Amendment to the United States

14

Constitution, but deny that paragraph 57 of this Count IV accurately and completely states the law as set forth in said amendment.

58.    The individual Defendants' conduct violated plaintiff's right to due process.

ANSWER:    These defendants deny the allegations of paragraph 58 of this Count IV.

59.    Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers conspired amongst themselves to write false police reports and false complaints and to misinform prosecutors of the basis for charges against Schwartz. In so doing, Defendants withheld exculpatory evidence and instituted criminal proceedings against Schwartz without a lawful basis, in violation of Schwartz's due process rights.

ANSWER:    These defendants deny the allegations of paragraph 59 of this Count IV.

60.    As a result of the ongoing false statements and false testimony, Schwartz was deprived of his liberty, forced to miss work to attend court dates, and forced to expend money on legal services.

ANSWER:    These defendants deny the allegations of paragraph 60 of this Count IV.

61.    As a result of Defendants' violation of Schwartz's constitutional right to due process, Schwartz suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

ANSWER:    These defendants deny the allegations of paragraph 61 of this Count IV.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## COUNT V

### LIABILITY UNDER 42 U.S.C. § I983

### (CONSPIRACY TO INTERFERE WITH PLAINT'IFF'S RIGHTS)

62.    Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:    These Defendants restate their answers to paragraphs 1 through 61 as and for their answers to paragraph 62 of this Count V as though fully set forth herein.

63.    Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers conspired and falsely arrested and detained Schwartz without justification and without probable cause.

ANSWER:    These defendants deny the allegations of paragraph 63 of this Count V.

64.    As a result of the concerted unlawful and malicious conspiracy of Officer without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

ANSWER:    These defendants deny the allegations of paragraph 64 of this Count V.

65.    As a direct and proximate result of this conspiracy, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees and extreme emotional distress.

ANSWER:    These defendants deny the allegations of paragraph 65 of this Count V.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## COUNT VI

### (STATE BATTERY CLAIM)

66.     Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:     These Defendants restate their answers to paragraphs 1 through 65 as and for their answers to paragraph 66 of this Count VI as though fully set forth herein.

67.     Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers did not have a reasonable basis for using any force, or, the amount of force used.

ANSWER:     These Defendants deny using any force whatsoever against Schwartz and deny that any force used against Schwartz was undertaken by any authorized Elgin Police Officer acting within the course and scope of his authority.

68.     Without the consent of Schwartz, Officer Darr, Officer Schmidt and Unknown Elgin Police Officers intentionally, harmfully, and offensively touched Plaintiff by beating him with fists about his body, head, face and eye.

ANSWER:     These Defendants deny that they undertook any of the actions alleged in paragraph 68 of this Count VI.

69.     Elgin Police Officer Darr, Officer Schmidt and Unknown Elgin Police Officers' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

ANSWER:     These defendants deny the allegations of paragraph 69 of this Count VI.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

17

## COUNT VII

### (STATE ASSAULT CLAIM)

70.    Schwartz realleges and reincorporates all previous paragraphs.

ANSWER:    These Defendants restate their answers to paragraphs 1 through 69 as and for their answers to paragraph 70 of this Count VII as though fully set forth herein.

71.    Acting under color of law, Officer Darr, Officer Schmidt and Unknown Officers denied Schwartz's constitutional rights by assaulting him.

ANSWER:    These defendants deny the allegations of paragraph 71 of this Count VII

72.    Schwartz had reason to apprehend receiving a battery as a direct result of the conduct alleged above of Elgin Police Officer Darer, Officer Schmidt and Unknown Elgin Police Officers.

ANSWER:    These defendants deny that Schwartz had reason to apprehend receiving a battery as a direct result of the conduct of these Defendants or any duly authorized police officer of the Elgin Police Department acting within the course and scope of his authority as a police officer.

73.    Officer Darr, Officer Schmidt and Unknown Officers' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Schwartz' rights.

ANSWER:    These defendants deny the allegations of paragraph 73 of this Count VII.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## COUNT VIII

### (STATE MALICIOUS PROSECUTION CLAIM)

74.     Schwartz incorporates and realleges all previous paragraphs.

ANSWER:     Defendants restate their answers to paragraphs 1 through 73 as and for their answers to paragraph 74 of this Count VIII as though fully set forth herein.

75.     The individual Unknown Officers, Officer Schmidt and Officer Darr maliciously caused criminal charges to be filed and prosecuted against Schwartz. There was no probable cause for the institution of a criminal charge against Schwartz. The criminal proceedings were commenced and continued maliciously.

ANSWER:     These defendants deny the allegations of paragraph 75 of this Count VIII.

76.     The individual Unknown Officers, Officer Schmidt and Officer Darr facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

ANSWER:     These defendants deny the allegations of paragraph 73 of this Count VIII.

77.     Schwartz was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

ANSWER:     These defendants deny the allegations of paragraph 77 of this Count VIII.

78.     The Criminal Proceedings were terminated in Schwartz's favor on January 31, 2008.

ANSWER:     These Defendants admit that the proceedings were terminated, but pleading further, state that the termination of those proceedings was not based on a finding of innocence of Schwartz and therefore do not satisfy the foundation for a malicious prosecution claim.

79.     As a result of Defendants' malicious prosecution of criminal proceedings against Schwartz, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

ANSWER:  These defendants deny the allegations of paragraph 79 of this Count VIII.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.


## COUNT IX

### (STATE FALSE IMRISONMENT)

80.     Schwartz incorporates and realleges all previous paragraphs.

ANSWER:     Defendants restate their answers to paragraphs 1 through 79 as and for their answers to paragraph 80 of this Count IX.

81.     As described more fully above, Officer Darr, Officer Schmidt and Unknown Officers, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Schwartz to be falsely imprisoned in violation of his constitutional rights.

ANSWER:     These defendants deny the allegations of paragraph 81 of this Count IX.

82.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally by Officer Darr, Officer Schmidt and Unknown Officers with willful indifference to Schwartz's constitutional rights.

ANSWER:     These defendants deny the allegations of paragraph 82 of this Count IX.

83.     As a result of Defendants' false imprisonment of Plaintiff, Schwartz suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

ANSWER:     These defendants deny the allegations of paragraph 83 of this Count IX.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.


## COUNT X

### (STATE RESPONDEAT SUPERIOR)

84.     Schwartz realleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants restate their answers to paragraphs 1 through 83 as and for their answer to paragraph 84 of this Count X as though fully set forth herein.

85.     In committing the acts alleged in Count I -V1I, Officer Darr, Officer Schmidt and Unknown Officers were members and agents of the Elgin Police Department, acting at all relevant times within the scope of their employment.

ANSWER:     These defendants deny the allegations of paragraph 85 of this Count X.

86.     Defendant City of Elgin is th*e* employer of Officer Darr, Officer Schmidt and Unknown Officers.

ANSWER:     Defendants admit that the City of Elgin is the employer of Defendants Schmidt, but pleading further, deny the remaining allegations of paragraph 86 of this Count X.

87.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 1019-102.

ANSWER:    Defendants state that the provisions of 745 ILCS 10/9-102 speak for themselves and deny that paragraph 87 accurately relates the provisions of the law and further deny that said statute requires the City of Elgin to indemnify any award of attorneys fees against one of its employees whether or not that employee was acting within the scope of his employment.

88.    As a proximate cause of Officer Darr, Officer Schmidt and Unknown Officers unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

ANSWER:    These defendants deny the allegations of paragraph 88 of this Count X.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.


## COUNT XI

### (STATE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

89.    Plaintiffs reallege and incorporate by reference all of the allegations in the preceding paragraphs.

ANSWER:    Defendants restate their answers to paragraphs 1 through 88 as and for their answer to paragraph 89 of this Count XI as though fully set forth herein.

90.    The acts and conduct of Unknown Officers, Officer Schmidt and Officer Darr as set forth above were extreme and outrageous.

22

ANSWER:    These Defendants deny that their acts and conduct were extreme and outrageous.

91.    Particularly, the conduct of Unknown Officers and Officer Schmidt subjecting Schwartz to being beat by Officer Darr in the back of a Elgin Police squad car in an extreme manner was reasonably calculated to cause immense emotional distress to Plaintiff.

ANSWER:    Defendants deny that Schmidt engaged in any conduct that subjected Schwartz to being beat by Officer Darr and deny that any conduct on his part caused any emotional distress or any other injury to Plaintiff.

92.    Unknown Officers, Officer Schmidt and Officer Darr intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Schwartz.

ANSWER:    Defendants deny that Schmidt intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Schwartz and further deny that any conduct on his part caused any emotional distress or any other injury to Plaintiff.

93.    Unknown Officers. Officer Schmidt and Officer Darr's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Schwartz.

ANSWER:    Defendants deny that any conduct undertaken by Schmidt was undertaken with malice, willfulness, and reckless indifference to the rights of Schwartz.

94.    Said actions and conduct did directly and proximately cause Schwartz to suffer various severe emotional and physical problems.

ANSWER:    Defendants deny the allegations of paragraph 94 of Count XI.

95.    Said actions and conduct caused Schwartz extensive grief and suffering, in that, due to the charges against him, caused him to be depressed.

ANSWER:    Defendants deny the allegations of paragraph 95 of Count XI.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or recovery from them in any kind or in any amount whatsoever.

## **AFFIRMATIVE DEFENSES**

NOW COME DEFENDANTS, ELGIN POLICE OFFICER EDWARD SCHMIDT and CITY OF ELGIN, and pleading in the affirmative, aver the following affirmative defenses:

## **COUNTS I II III IV & V**

1)      As to the section 1983 claims raised in Counts I II III IV & V of Plaintiff's Complaint, Defendant Schmidt is entitled to qualified immunity for the reason that he did not violate any clearly established law and his conduct did not deviate from the conduct of an objectively reasonable officer in his situation with respect to the Plaintiff. Specifically, Defendant Schmidt had no physical contact of any kind with Plaintiff and had no knowledge of any potential harm to Plaintiff and no opportunity to prevent such harm caused by any other person. The arrest, charges and prosecution of Plaintiff was supported by probable cause and/or arguable probable cause thereby entitling Defendant Schmidt to Qualified Immunity.

2)      As to the section 1983 claims raised in Counts I II III IV & V, wherein Plaintiff seeks recovery of attorney's fees, the city of Elgin is not obligated to indemnify any award of attorneys' fees made against any of its employees or officers. *Yang v City of Chicago*, 195 Ill2d 96 (2001).

## **COUNTS VI VII VIII IX X & XI**

As to the state claims raised in Counts VI through XI, Defendants assert:

a)        Defendant  Schmidt exercised discretion in determining the existence of probable cause for charges brought against Plaintiff and is therefore immune

from liability for all claims based upon an false arrest and/or malicious prosecution. 745 ILCS 10/2-201;

b)      Defendant Schmidt did not act willfully and wantonly in determining the existence of probable cause for charges brought against Plaintiff and is therefore immune from liability for any claim based upon such conduct. 745 ILCS 10/2-202;

c)      The facts known to Defendant Schmidt established probable cause for the arrest and filing of charges against of the Plaintiff and Defendant did not act maliciously and is therefore immune from liability for any claim arising from the prosecution of Plaintiff. 745 ILCS 10/2-208;

d)      Defendants are not liable to Plaintiff for any injuries or damages caused by the act of Defendant Darr or any other person. 745 ILCS 10/2-204;

e)      Defendants are not liable to Plaintiff for any injury caused by the failure to provide adequate police protection. 745 ILCS 10/4-102;

f)      Defendants are not liable to Plaintiff for punitive damages. 745 ILCS 10/2-102 and 10/2-213;

g)      Defendant City of Elgin is not liable to Plaintiff for the reason that all of the statutory immunities applicable to Defendant Schmidt also apply to the City of Elgin. 745 ILCS 10/2-109.


DeANO & SCARRY, LLC


_____s/James L. DeAno_____
Attorney for Defendants Elgin Police Officer
Edward Schmidt and City of Elgin


James L. DeAno, A.R.D.C. No. 6180161
Laura L. Scarry
Patrick F. Moran
DeAno & Scarry, LLC
53 W. Jackson Blvd.
Suite 1062
Chicago, IL 60604
(630) 690-2800
Fax:  (312) 564-4125
S:\Case Files\12143.Schwartz\12143.pleadings\Answer.doc